UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYLVESTER TOWNSEND,

    Petitioner,

v.                      Case No. 06-C-0171

CATHY JESS,
Warden, Dodge Correctional Facility,

    Respondent.

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS
ON HABEAS CORPUS PETITION**

On February 9, 2006, the petitioner, Sylvester Townsend ("Townsend"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that on November 20, 2000, he was convicted of first degree reckless homicide (party to a crime), first degree recklessly endangering safety (party to a crime), and first degree endangering safety (party to a crime) in the Milwaukee County Circuit Court, for which he was sentenced to serve 56 years in prison. Accompanying his habeas petition was an application to proceed in forma pauperis. For the reasons which follow, his application to proceed in forma pauperis will be denied.

In his in forma pauperis petition Townsend avers that he is currently employed at the Dodge Correctional Facility. He avers, inter alia, that he has no cash in checking or savings accounts. However, his prison trust account activity statement (which is attached to his application) indicates that, as of January 23, 2006, Townsend had $548.29 in his prison trust account.

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person unable to pay such fees or give security therefor." To be sure, in order to be allowed to proceed in forma pauperis it is not necessary that a person be destitute. But, when the affidavit submitted by the person seeking to be allowed to proceed in forma pauperis clearly reveals that he has the financial ability to pay the cost of commencing the action, denial of the petition to proceed in forma pauperis is appropriate.

The filing fee for a habeas corpus petition in federal court is $5.00. Given that Townsend has more than $500.00 readily available to him in his trust account, I am satisfied that he is able (and should be required) to pay such filing fee. Consequently, his petition to proceed in forma pauperis is denied. Upon his paying the $5.00 filing fee for this habeas corpus action, the court will review his petition in compliance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to determine if the respondent should be required to file an answer to the petition.

**NOW THEREFORE IT IS ORDERED** that Townsend's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Townsend shall pay the filing fee of $5.00 within 30 days of the date of this order; if he does not, this action shall, without further notice, be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this  23rd  day of February 2006, at Milwaukee, Wisconsin.

>/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge